**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION**

MYLES GERMAN,

                    Plaintiff,                  **CASE NO.:**

v.

METROPOLITAN LIFE INSURANCE COMPANY,

                    Defendant.

_____/

**NOTICE OF REMOVAL**

Defendant, Metropolitan Life Insurance Company ("MetLife"), by and through undersigned counsel, hereby removes the above-captioned action currently pending in the Seventeenth Judicial Circuit Court in and for Broward County, Florida, to the United States District Court for the Southern District of Florida.  Removal is based on 28 U.S.C. §1331 and 29 U.S.C. §1132 and authorized by 28 U.S.C. § 1441.  As grounds for removal, MetLife states the following:

**BACKGROUND**

1.      On or about January 7, 2015, Plaintiff filed his complaint in the Circuit Court in and for Broward County, Florida, entitled *Myles German v. Metropolitan Life Insurance Company,* Case No. CACE-15-000317 (hereinafter referred to as the "Circuit Court Action").  MetLife is the only named defendant in the action.

2.      Plaintiff's Circuit Court Action purports to assert a claim for long-term disability ("LTD") benefits under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C.  §1001, *et seq.*

## PROCEDURAL REQUIREMENTS

3.     MetLife has satisfied all procedural requirements of 28 U.S.C. § 1446 and thereby removes the Circuit Court Action to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §§ 1331 and 1441.

4.     Removal to Proper Court.  Pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446(a), this Notice of Removal is being filed in the United States District Court for the Southern District of Florida, which is part of the "district and division" embracing the place where this action was filed – Broward County, Florida.

5.     Removal Is Timely.  On January 28, 2015, a copy of the Circuit Court Action was served upon MetLife through the Chief Financial Officer of the State of Florida.  This constitutes MetLife's first legal notice of the Circuit Court Action for purposes of removal.  The removal is timely because MetLife removed the Circuit Court Action within 30 days after the January 28, 2015 service of the Summons and the initial pleading.  *See* 28 U.S.C. § 1446(b).

6.     Signature.  This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.  *See* 28 U.S.C. § 1446(a).

7.     Pleadings and Process.  A true and correct copy of all documents that were served upon MetLife in the Circuit Court Action, along with a true and correct copy of the docket from the Circuit Court Action, are attached hereto as Composite **Exhibit "A."**   *See* 28 U.S.C. § 1446(a).  There were no other process, pleadings, or orders served upon, or otherwise received by MetLife.

8.     Notice.  A copy of this notice will be filed with the clerk of the Circuit Court in and for Broward County, Florida, as required by 28 U.S.C. § 1446(d).

<u>**STATUTORY REQUIREMENTS – 28 U.S.C. §1331**</u>

9.      <u>This Court has Jurisdiction</u>.

This action is a federal question case seeking LTD benefits under an employee welfare benefit plan, AXA Equitable Long Term Disability Plan (the "Plan"), governed by ERISA.[1]  The Court has original jurisdiction under the provisions of 28 U.S.C. §1331 and 29 U.S.C. §1132. The action may be removed to this Court by MetLife pursuant to the provisions of 28 U.S.C. §1441, in that:

(a)      Plaintiff's Complaint alleges the LTD benefits he seeks are provided under the terms of an ERISA Plan. *See* Circuit Court Action, ¶ 1.

(b)      Plaintiff's Complaint alleges the LTD benefits under the Plan are administered by MetLife and provided through MetLife Group Policy No. 110105-1-G (the "Policy").  *See* Circuit Court Action, ¶¶ 6, 7.

(c)      Attached as Exhibit "1" to Plaintiff's Complaint is a true and accurate copy of the governing AXA Equitable Life Insurance Company ("AXA Equitable") Plan document, for LTD benefits provided under the Plan.   This document establishes the following:

---

[1]    An ERISA Plan is established in the following circumstances:

> …. if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits.  To be an employee welfare benefit plan, the intended benefits must be health, accident, death, disability, unemployment or vacation benefits, apprenticeship or other training programs, day care centers, scholarship funds, prepaid legal services or severance benefits; the intended beneficiaries must include union members, employees, former employees or their beneficiaries; and an employer or employee organization, or both, and not individual employees or entrepreneurial businesses, must establish or maintain the plan, fund, or program.

*Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir. 1982).

i)        Employees of AXA Equitable may become eligible for LTD benefits through employment with AXA Equitable. Ex. 1, Plaintiff's Complaint, pp. 25-26; Ex. B, Plaintiff's Complaint, pp. 24-26.

ii)       MetLife acts as the Claim Administrator and issued to AXA Equitable the Policy to fund LTD benefits payable under the terms of the Plan.  *See* Ex. 1, Plaintiff's Complaint, pp. A-6, A7 – 10.

iii)      ERISA governs the Plan. *See* Ex. 1, Plaintiff's Complaint, "ERISA Information" section and "Statement of ERISA Rights" section of the Plan document, pp. A-6 – A-11*; and*

iv)       Plan participants were advised of their ERISA rights.  *Id.*

(d)       Plaintiff's allegations, along with the Plan document, demonstrate that Plaintiff is making claims and/or seeking benefits under an ERISA-governed "employee welfare plan" as defined by Title 29 U.S.C. §1002(1).

(e)       This cause of action brought in state court by Plaintiff is thus necessarily based exclusively on the federal law of ERISA.

A cause of action filed in the state court which is preempted by ERISA and comes under the scope of 29 U.S.C. § 1132(a)(1) is removable to federal court under 28 U.S.C. § 1441(b) as an action arising under federal law, even when the ERISA-related nature of the action does not appear on the face of the complaint, as it does in this case.  *See Metropolitan Life Ins. Co. v. Taylor*, 41 U.S. 58 (1987); *Belasco v. W.K.P. Wilson & Sons, Inc.*, 833 F.2d 277 (11th Cir. 1987).  Furthermore, to the extent Plaintiff alleges state law claims to recover LTD benefits in the Circuit Court Action, ERISA preempts those state law claims and provides the exclusive federal remedies for resolution of claims by employee benefit plan participants and beneficiaries

relating to the Plan.  *See* 29 U.S.C. §1132(a)(1)(B); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987).

10.     MetLife files herewith the civil cover sheet and has made payment of the required filing fee.

11.     MetLife has a good and sufficient defense to this action.

12.     No previous application for the relief sought herein has been made to this or any other court.

13.     Accordingly, the Court has jurisdiction over this action and should proceed as an action properly removed to it.

**WHEREFORE**, Defendant, MetLife, hereby removes this case to the United States District Court for the Southern District of Florida, Ft. Lauderdale Division.

DATED this 25th day of February, 2015.

Respectfully submitted,

*/s/ Stephanie A. Segalini*
Stephanie A. Segalini
Florida Bar No. 092630
JACKSON LEWIS PC
390 N. Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone: (407) 246-8440
Facsimile:  (407) 246-8441
E-Mail: stephanie.segalini@jacksonlewis.com
*Counsel for Defendant*
*Metropolitan Life Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 25th day of February, 2015, the following was furnished by e-mail and U.S. mail to: Martin J. Sperry, Esq., Sperry & Kashi, P.A., 100 N.W. 82nd Avenue, Suite 305, Plantation, FL 33324; msperry@ssklawgroup.com.

*/s/ Stephanie A. Segalini*
Stephanie A. Segalini, Esq.
Florida Bar Number: 092630

4831-4575-7474, v. 1